IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL HALL,

    Plaintiff,

v.  No. 20-CV-1001 KWR/KRS

TRAVELERS PERSONAL INSURANCE COMPANY,
INSIDE RESPONSE LLC, and Jane Does 1-5,

    Defendants.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendant Travelers Indemnity Company's ("Travelers") Motion for Protective Order, filed December 14, 2020. (Doc. 28). Travelers asks the Court to stay discovery against it pending resolution of its Motion for Summary Judgment. *Id.* at 1. Plaintiff filed a response to the Motion on December 28, 2020, and Travelers filed a reply on January 11, 2021. (Docs. 32 and 39). Having reviewed the Motion, briefing, record of the case, and relevant law, the Court will deny the Motion.

Plaintiff claims Defendants called, or directed others to call, his phone number ending in -6005 in violation of the New Mexico Unfair Practices Act and the Telephone Consumer Protection Act. (Doc. 1-1). Travelers has moved for summary judgment on all of Plaintiff's claims against it on the basis that it did not have any involvement with or responsibility for any calls made to Plaintiff's phone number. (Doc. 27). In its Motion for Protective Order, Travelers asserts that Plaintiff's discovery requests seeking information related to Travelers' policies, vendor and other third-party contracts, training materials, and software manuals, subject Travelers to an undue burden and expense because Travelers' Motion for Summary Judgment will potentially dispose of all Plaintiff's claims against it. (Doc. 28) at 2-6. Travelers asks the

Court to issue a protective order pursuant to Fed. R. Civ. P. 26(c) with respect to Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admission, and stay all discovery against it pending resolution of its Motion for Summary Judgment. *Id.* at 6-7.

Plaintiff opposes the Motion for two reasons. First, Plaintiff argues his discovery requests are not overly burdensome and merely seek information relevant to Plaintiff's claims. (Doc. 32) at 1-3. Second, Plaintiff notes that he plans to file a Motion to File an Amended Complaint that states alternative grounds for Travelers' liability, and if this motion is granted, Traveler's Motion for Summary Judgment will not dispose of all claims against it. *Id.* at 3-4; (Doc. 38).

In its Reply, Travelers maintains it should not be subject to discovery in this case and argues a stay of discovery would not prejudice Plaintiff since discovery is in its early stages. (Doc. 39) at 1-2. Travelers asserts Plaintiff's discovery requests are "sweeping" and seek a wide range of confidential and proprietary documents for Plaintiff to use in future litigation. *Id.* at 2-3. Travelers also argues Plaintiff's proposed amendment to the Complaint to include allegations against Travelers relating to another phone number is untimely and would be futile. *Id.* at 3.

A decision to stay discovery "depends greatly on each case's facts and progress" and is within the Court's "broad discretion." *De Baca v. United States*, 403 F.Supp.3d 1098, 1111-12 (D.N.M. 2019). Rule 26(c) of the Federal Rules of Civil Procedure provides that, upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include forbidding or suspending disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A). In making this decision, the Court may consider factors such as: (1) the plaintiff's interests in proceeding expeditiously with the case and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants;

(3) the convenience of the court; (4) the interests of non-parties; and (5) the public interest. *De Baca*, 403 F.Supp.3d 1098 at 1111; *Maestas v. CHW Grp. Inc.*, 2019 WL 5549913, at *1 (D.N.M.).

This case was removed in October 2020 and the parties submitted a Joint Status Report and Provisional Discovery Plan on November 18, 2020. (Doc. 13). On December 2, 2020 the Court held a Rule 16 scheduling conference, adopted the parties' Provisional Discovery Plan, and set pre-trial deadlines. (Doc. 22) (Scheduling Order setting discovery deadline of June 1, 2021). Since then, the parties have engaged in discovery and motion practice. If the Court were to stay discovery as to Travelers, this case would still proceed against Defendant Inside Response and result in two different discovery tracks. Moreover, if Plaintiff's claims against Travelers are not dismissed, the parties may need to redo depositions or resend discovery requests, which would be inefficient and prejudicial to Plaintiff and Defendant Inside Response. Thus, the Court finds that Plaintiff's interests in proceeding expeditiously and avoiding piecemeal litigation weigh heavily against a stay of discovery as to Travelers.

In contrast, Travelers has not shown that the burden it would bear, should discovery proceed, is out of the ordinary. Travelers argues it will be burdened by having to participate in discovery because if its Motion for Summary Judgment is granted it would no longer be a part of this case. While that is one possibility, it is also possible that the summary judgment motion will be denied or that Plaintiff will be permitted to amend his complaint, in which case Travelers' participation in discovery will still be necessary. *See, e.g., Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020) ("District courts should freely give leave to amend when justice so requires.") (citation omitted). Moreover, the pendency of potentially dispositive motions does not entitle a party to a stay of discovery except in limited circumstances where qualified

3

immunity is an issue. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Chavez v. Young Am. Ins. Co.*, 2007 WL 683973 (D. Colo.) ("Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs.  That is a consequence of our judicial system and the rules of civil procedure.  There is no special burden on the defendant in this case.").  This case does not involve qualified immunity, so Travelers is not entitled to a stay of discovery simply because there is a potential the claims against it may be dismissed before trial.

In addition, regarding Travelers' assertion that Plaintiff is seeking confidential or proprietary information, the Court reminds Travelers the parties have entered into a Confidentiality Order to protect such information.  *See* (Doc. 26).  The Court also finds that none of the cases cited by Travelers direct a stay of discovery.  Instead, the cases Travelers relies on had facts and procedural postures significantly different from this case, such as pending motions for qualified immunity or for dismissal based on lack of jurisdiction.  Therefore, the Court finds the second factor also weighs against staying discovery.  *See, e.g., Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("[W]here a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others.").

With respect to the remaining factors, Travelers has not identified any nonparty who would be affected by its involvement in discovery in this case, and the Court's convenience and the public interest weigh in favor of moving this case forward as efficiently and expeditiously as possible.  *See* Civil Justice Reform Act, 28 U.S.C. § 471 (directing courts to attempt to secure the "just, speedy, and inexpensive" resolution of every civil case before them).  Based on the

foregoing, the Court finds that Plaintiff's discovery requests do not impose an undue burden or expense on Travelers, and a stay of discovery is not warranted at this time.

      IT IS THEREFORE ORDERED that Travelers' Motion for Protective Order, (Doc. 28), is denied.

      IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE