IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL HALL,

    Plaintiff,

v.                                                            2:20-cv-01001-KWR-KRS

TRAVELERS PERSONAL INSURANCE COMPANY,
and INSIDE RESPONSE, LLC,

    Defendants.

## ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT

**THIS MATTER** comes before the Court on Plaintiff's Motion for Entry of Judgment **(Doc. 67),** and Defendant Inside Response, LLC's Motion for Leave to File Sur-reply **(Doc. 71).** Having reviewed the pleadings and the applicable law, the Court finds Plaintiff's motion is **WELL-TAKEN** and, therefore, is **GRANTED**, and Defendant Inside Response's motion for leave to file sur-reply is **DENIED**. A separate judgment will be entered.

### BACKGROUND

This is a telemarketing case alleging violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, and the New Mexico Unfair Practices Act ("UPA"), NMSA § 57-12-1, *et seq*. On May 3, 2021, Defendant Inside Response, LLC gave an offer of judgment pursuant to Fed. R. Civ. P. 68. The offer of judgment was for $5,000 for the alleged violations of the TCPA and the UPA. **Doc. 64-1 at 1.** Defendants offered to pay reasonable attorney's fees and taxable and recoverable costs Plaintiff accrued "through the date of this Offer of Judgment with respect to the claims against Inside and Travelers." **Doc. 64-1 at 1.** Plaintiff accepted this offer of judgment. **Doc. 64.**

**DISCUSSION**

At issue in this motion is how much attorney's fees and costs Plaintiff should be awarded. Plaintiff prevailed in this case after accepting an offer of judgment pursuant to Fed. R. Civ. P. 68. Plaintiff seeks a judgment totaling $66,832 for the following amounts:

- $5,000 actual and statutory damages for Plaintiff;
- $54,000 in attorney's fees (180 hours x $300 hourly rate)
- $3,021 in costs;
- $4,811 in New Mexico gross receipts tax on the fees and costs; and
- Post-judgment interest.

Defendants assert that the court should reduce Plaintiff's attorney fee request to $11,323 and costs to $2,336, summarized as follows:

- An hourly rate of $300 is unreasonable;
- Plaintiff allegedly double billed for some matters;
- Certain clerical matters are not billable; and
- Plaintiff's attorney's billed hours are unreasonable.

For the reasons explained below, the Court will grant in part Plaintiff's request for fees and costs. The Court will reduce Plaintiff's attorney's fees and costs, and enter judgment in the amount of $65,111.50, as itemized below:

- $5,000 actual and statutory damages for Plaintiff;
- $53,280 in attorney's fees (177.6 hours x $300 hourly rate);
- $2,336 in costs; and
- $4,495.50 in New Mexico gross receipts tax on the attorney's fees.

**I.     Plaintiff's attorney's fees are reasonable.**

As explained below, the Court will award reasonable attorney's fees in the amount of $53,280.  "In diversity cases, attorney fees are a substantive matter controlled by state law." *Mooring Capital Fund, LLC v. Knight,* 388 Fed.Appx. 814, 825 (10th Cir. 2010); *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1279 (10th Cir. 2011) ("statutory provisions permitting an award of attorneys' fees are substantive where the statute permits the prevailing party in certain classes

of litigation to recover attorneys' fees."). Here, the parties appear to agree that relevant statute under which Plaintiff is entitled to attorney's fees is New Mexico's Unfair Practices Act. NMSA (1978), § 57–12–10(C) ("The court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails."). Therefore, the Court will look to state law on the issue of attorney fees.

"When adjudicating a fee request under the UPA's fee-shifting provision, the Court of Appeals of New Mexico has stated that '[o]ne way of arriving at a reasonable fee is the 'lodestar' method....' In this method, the court determines a fee that approximates a reasonable hourly rate multiplied by the number of hours reasonably incurred in the representation." *Fallen v. GREP Southwest, LLC*, 247 F. Supp. 3d 1165, 1199 (D.N.M. 2017) (quoting *Atherton v. Gopin*, 2012-NMCA-023, ¶ 7, 272 P.3d at 701). This lodestar value "serves as a starting point for the calculation of a reasonable fee." *Id.; see also Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). Once the Court makes these two determinations, the fee "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933. "The applicant should exercise 'billing judgment' with respect to hours worked, ..., and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* The district court should "provide a concise but clear explanation of its reasons

3

for the fee award." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *quoted in Olivo v. Crawford Chevrolet Inc.*, 526 F. App'x 852, 855 (10th Cir. 2013)

      **A.     Hours billed were reasonably expended.**

Initially, the Court finds that the hours billed were generally reasonably expended in this litigation, with certain exceptions noted below. The Court reviewed the docket and the record before it, including Plaintiff's attorney billing records, and Defendants' table of objections and proposed cuts. **Docs. 67-1, 68-1.** Plaintiff's attorney, Mr. Childress, billed for approximately 187 hours in this case. *See* **doc. 67-1.** Mr. Childress proposes to cut 7 hours, and asserts that 180 hours were related to the New Mexico Unfair Practices Act claim. He states in an affidavit that a less experienced plaintiff's attorney would have billed between 300 to 400 hours for a similar case. This was a well litigated case that went through discovery and multiple rounds of motions, including two motions for summary judgment, a motion to amend complaint, and discovery motions. The Court has reviewed Mr. Childress's billing records and finds that they are adequately detailed for the Court to determine whether his billing was reasonable. Upon reviewing each time entry, the Court finds that the amount of time billed was reasonable for each task. Given the complexity of the claims and the litigation before the Court, the hours expended were generally reasonable. The Court will address of Defendants' specific objections below.

Initially, Defendants assert that Mr. Childress impermissibly block billed his time. The Court has discretion to reduce an attorney's hours that are the product of "sloppy and imprecise time entries that contain block billing, as well as hours that are unnecessary, irrelevant or duplicative." *Fallen*, 247 F. Supp. 3d at 1199-1200. Generally, the Court finds that the entries are sufficiently detailed to determine whether the time spent on those tasks was reasonable. Therefore, the Court declines to reduce Plaintiff's fees on this basis.

Defendants also assert that Mr. Childress should not bill for clerical work. Generally, purely clerical tasks should not be billed at an attorney's rate. *Hayes v. I.C. Sys., Inc.*, No. 2:14-CV-2513-JTM-KGG, 2015 WL 506192, at *4 (D. Kan. Feb. 6, 2015). "Tasks that amount to filing, organizing files, making copies, printing, ordering file folders, organizing boxes, updating files with correspondence and pleadings, and preparing files for storage" must be deducted as purely clerical work that is not compensable. *Id.* at *26–27; *see also Bell v. Turner Rec. Comm'n,* 2010 U.S. Dist. LEXIS 1547, at *15, 2010 WL 126189 (D.Kan. Jan. 8, 2010) (deducting time attorney spent on "purely clerical or secretarial tasks," such as "ordering and paying for copies; communication with court reporters; obtaining and preparing summonses; and communication with process servers."). However, the Court believes that ensuring that service of process was properly performed, or the creation of a trial notebook, may be billed by an attorney under the circumstances of this case. **Doc. 69 at 7-8.** The Court agrees with Plaintiff that reviewing summonses is not necessarily clerical.

However, the Court concludes that Plaintiff's attorney should not have billed certain tasks at an attorney's rate, and Plaintiff has not shown that these tasks should otherwise be billed at another rate. Therefore, the Court reduces the following:

- .6 hours on August 26, 2020 to "locate Kansas process server for Inside Response and prepare and send service of process package with instruction.";
- .6 hours on August 27, 2020 for preparing service of process package, forwarding to statutory agent, and making notes and organizing file;
- .1 hours on March 4, 2021 to arrange for court-reporter; and
- .1 hours on April 29, 2021 to pay court reporter's bill for Inside deposition.

In sum, the Court cuts **1.4 hours** as impermissibly billed clerical time. Although Defendants request that the Court cut even more time, the Court disagrees and concludes that they were reasonably billed by an attorney.

Defendants also assert that the number of hours billed in this case are excessive and unreasonable. Overall, the Court finds that the hours billed in this case are reasonable not excessive in light of the extent of litigation in this case. Moreover, reviewing each line item, the Court does not believe that Plaintiff's attorney billed excessively for any specific task.

Defendants assert that Plaintiff has already received compensation in another case for discovery provided in this case. *See Michael Hall v. SelectQuote Insurance Services, et al.*, No. 2:20-cv-450-MV-GJF (D.N.M). In other words, Defendants allege that Plaintiff's attorney has been double billing. However, Plaintiff represents that he did not bill for time for which he was already compensated, and instead, spent less time on this case. **Doc. 69 at 5** ("As a result, undersigned has needed to spend *less* time in this case on such discovery- not more time - because Plaintiff already had the information."). Defendants have not pointed to anything in the record to suggest that Plaintiff billed for discovery in this case for which he already received compensation in the *Selectquote* case. The Court has not been provided the documents to compare. *See* **doc. 68 at 10-11.** Therefore, the Court overrules this objection.

Defendants assert that Plaintiff has filed several similar cases and should bill less because he already has "form documents" prepared. Initially, Defendants only point to two entries where they allege "form documents" were used. These documents do not appear to be in the record for the Court to compare.

Even assuming form documents were used, upon reviewing the billing entries, the Court does not believe that Plaintiff's attorney has overbilled. Here, Mr. Childress represents that he has not double billed, and in fact, his experience caused him to bill less than a less experienced attorney. The Court has insufficient evidence in the record to conclude that Mr. Childress double

billed for work performed in other cases.  Based on Mr. Childress' representation, and the lack of evidence of double billing among cases, the Court will overrule Defendants' objection.

The parties appear to agree that attorney's fees for the TCPA claim are not recoverable, but disagree on how much time to cut.  Plaintiff offered to cut seven hours, while Defendants assert that the Court should cut 1/3 of the time.  The Court will reduce fees which solely apply to the TCPA claim, but declines to reduce fees for tasks which may apply to multiple claims.  Defendants identified the following hours which appear to be related solely to the TCPA claim and should be cut:[1]

- 1.10 hours on December 8, 2020 for research on Five9 dialer system;
- 1.2 hours on February 18, 2021 regarding the Five9 dialer system;
- 1.2 hours on April 26, 2021, researching the Supreme Court's *Facebook v. Duguidi* decision and working on summary judgment motion about the dialing system.
- 4.5 hours on April 29, 2021 for time spent drafting motion to compel "dialing system's manual"

*See* **Doc. 68 at 15; Doc. 68-1.**  Neither Plaintiff nor Defendants identify any other specific time entries devoted solely to the TCPA claim.  The Court will cut a total of **eight (8) hours** related to the TCPA claim.

In sum, out of the 187 hours billed, the Court will cut 9.4 hours. Therefore, the Court will award fees for 177.6 hours.

### B.     Hourly rate is reasonable and reflects prevailing market rate.

Defendants argue that Mr. Childress' hourly rate of $300 is unreasonable.  The Court disagrees and finds that Mr. Childress' hourly rate of $300 is reasonable and reflects the prevailing market rate considering the area in which he practices, his experience, and his skill.  A court should generally establish an hourly rate based on what the market commands for lawyers of comparable skill and experience in the relevant practice area.  *Obenauf*, 785 F. Supp. 2d at 1207 ("The setting

---

[1] Because some of these entries were block billed, the Court estimates how much time should be cut.

of a reasonable hourly rate is within the district court's discretion, but should reflect the prevailing market rates in the relevant community."). The hourly rate requested by counsel must reflect the prevailing market rates in the community. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

Mr. Childress graduated with a B.A. from the University of Texas at Austin 1990 and attended law school at the University of Southern California. **Doc. 67-1 at 2.** He was licensed to practice in 1993, and since then has practiced in the area of consumer protection. *Id.* Mr. Childress is skilled and experienced in the area of consumer protection. *Id.*

Mr. Childress has been awarded an hourly rate of $300 in this court and in three New Mexico state consume protection cases. *See* **doc. 67-1 at 2-3** (citing cases); *Barbara Mohon v. Agentra, LLC et al.,* Doc. 71 (D.N.M February 23, 2021) (awarded $300 per hour). This hourly rate is in line with the rate awarded to other consumer protection attorneys of similar skill and experience. *See Lucero v. Debt Recovery Attorneys and Michael Sayer*, 1:19-cv-00106, Doc. 98 (D.N.M.) (Parker, J.) (awarding approximately $292 to consumer protection attorney with less experience). The Court finds that a $300 hourly rate is reasonable in this case.

**C.     The relevant discretionary factors support the lodestar amount.**

Defendants request that the Court reduce Plaintiff's attorney's fees under various discretionary factors. *See, e.g., Obenauf v. Frontier Fin. Grp., Inc.*, 785 F.Supp.2d at 1208 (""Having determined the lodestar, the Court next considers whether it should adjust the award" under various discretionary factors). "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. at 554, 130 S.Ct. 1662.

"Historically, New Mexico courts have [] used the factors now found in Rule 16–105 of the Rules of Professional Conduct to examine the reasonableness of attorney fees." *In re N.M. Indirect Purchasers Microsoft Corp.,* 2007–NMCA–007, ¶ 76, 140 N.M. 879, 149 P.3d 976. These factors include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.
> Rule 16–105(A) NMRA. "The factors are not of equal weight, and all of the factors need

not be considered." *Microsoft,* 2007–NMCA–007, ¶ 78, 140 N.M. 879, 149 P.3d 976. Under federal law, the Court may the *Johnson* factors and other factors, such as (1) the degree of success obtained, (2) the significance of the legal issues involved, and (3) the public interest advanced by the litigation; (4) the maneuvering of the other side, and (5) how many lawyers the other side used. *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.,* 616 F.3d 1098, 1103 (10th Cir. 2010) (citing the twelve *Johnson* factors, but noting the district court need not expressly address each one), *citing Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). Reviewing the relevant factors, the Court concludes that the lodestar figure accurately reflects the reasonable attorney fees in this case. The Court declines to depart from the lodestar figure.

Defendants assert that the actual and statutory damages award, $5,000, was relatively small, and less than Plaintiff's settlement offer. As Plaintiff describes, $5,000 is successful given the relevant statutory damages available. **Doc. 67 at 11-12.** Moreover, the New Mexico Court of Appeals of has stated that "the UPA contains no limitation on the award of attorney fees" and has

further recognized "that even when the damage award was small, the attorney fees should reflect the full amount of fees fairly and reasonably incurred by the prevailing plaintiff." *Atherton v. Gopin*, 2012-NMCA-023, ¶ 9, 272 P.3d at 702 (internal quotation marks omitted).

Defendants argue that this is not a significant case, and the case is not in the public interest. The Court disagrees. New Mexico courts have identified two policies support an award of attorney fees for UPA claims: "enabling individual plaintiffs to pursue their claims, however small, and encouraging individuals to enforce the UPA on behalf of the general citizenry." *Atherton v. Gopin*, 2012-NMCA-023, ¶ 8, 272 P.3d 700, 702. Accordingly, even where the Plaintiff recovers a relatively small amount of damages, the allowable attorney fees "should reflect the full amount of fees fairly and reasonably incurred by [the p]laintiff in securing an award under the UPA. Absent this incentive, prospective plaintiffs might have difficulty pursuing their claims and enforcing the UPA on behalf of the public." *Id.* (internal citations omitted). Here, the Court finds that a full award of attorney fees pursuant to the lodestar calculation furthers these policies. Moreover, this is not an insignificant case and the case furthers the public interest.

### D. Total attorney's fees awarded.

The Court finds that 177.6 hours were reasonably expended in this case, and that $300 is a reasonable hourly rate for Mr. Childress in this case. Therefore, the Court will award reasonable attorney's fees in the amount of $53,280.

## II. Costs and Gross Receipts Tax.

Plaintiff seeks $3,021 in costs, as follows:

| | |
|---|---|
| 1. state-court's efiling fee to file and open the case | $ 144 |
| 2. process servers for service of Summons on Defendants | $ 90 |
| 3. Fees charged by Plaintiff's expert witness | $ 300 |
| 4. court-reporter charges for preparation of exhibits (transcripts of telemarketing phone call recordings) | $ 245 |
| 5. witness fee tendered to non-party witness for his deposition | $ 150 |

      6. court-reporter charges for the deposition of Inside Response LLC     $1857
      7. State of New Mexico gross receipts tax on the foregoing (8.4375%)     $ 235

**Doc. 67-1 at 1.** Defendants object to the (1) expert witness fee of $300, (2) the witness fee of $150, and (3) the duplicative gross receipts tax of $235. The Court agrees with Defendants and will cut these costs. Defendants do not object to the remainder of the costs. Therefore, the award for costs is reduced to $2,336.

The parties appear to agree that federal law governs the taxation of costs. Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party should be awarded costs. Fed. R. Civ. P. 54(d)(1). Rule 54 "makes the award of costs presumptive." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1204 (10th Cir. 2000). Under 28 U.S.C. § 1920, a court may tax costs on the fees of the clerk, transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, copy fees where copies were necessarily obtained for use in the case, and docket fees. 28 U.S.C. § 1920.

Defendants assert that the $300 expert witness fee was unnecessary. Plaintiff has not explained why the Court should award this expert witness fee. It is unclear what services the witness provided, or whether the expert witness attended a deposition. Moreover, Plaintiff has not set forth the legal support for awarding this expert fee. *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), cited in *Brown v. Butler*, 30 F. App'x 870, 875 (10th Cir. 2002). Therefore, the Court finds that Plaintiff has not carried his burden to show that the expert witness fee is appropriate. The Court will cut the $300 expert witness fee.

Moreover, Defendants object that a witness fee of $150 is inappropriate because (1) it is in excess of the amount allowed under §1821(b) and (2) the deposition was never held. The court agrees that the statute limits the attendance fee to $40 in addition to mileage. 28 U.S.C. § 1920; 28

11

U.S.C. § 1821(b).  However, Plaintiff has not shown what mileage would be appropriate. Moreover, the deposition was never held and therefore the Court finds that an attendance fee is not appropriate.

Plaintiff also requests gross receipts tax of 8.4375% on the fees and costs.  Defendants object, asserting that the Court should exercise its discretion and decline to award gross receipts tax.  Generally, the Court may award New Mexico gross receipts tax on attorney's fees for the prevailing party. *Herrera v. First Northern Savings & Loan Association*, 805 F.2d 896, 902 (10th Cir. 1986) ("Since [New Mexico gross receipts tax] is a cost to [Plaintiff] as prevailing parties, it should be assessed against the defendant."); *Olivo v. Crawford Chevrolet Inc.*, 526 F. App'x 852, 856 (10th Cir. 2013) ("The New Mexico Gross Receipts Tax is required by state law and may be included as part of plaintiffs' attorney's fee award.").  However, Plaintiff has not shown that he should get gross receipts tax on his costs.  Plaintiff has not explained whether the gross receipts tax was already included in the costs he paid.  The Court, in its discretion, finds that gross receipts tax is reasonable and appropriate for the attorney's fees, but declines to award gross receipts tax on the costs. Therefore, the Court will award Plaintiff compensation in the amount of $4,495.50. for Santa Fe's 8.4375% gross receipts tax for the attorney's fees.

Even if the Court were to award gross receipts tax on the costs, Defendants argue that Plaintiff counted gross receipts tax on the costs twice. **Doc. 68 at 11.**  It appears that Defendants are correct.  Plaintiff calculated $235 as the tax on the costs and included in his requested cost amount of $3,021, then apparently applied the gross receipts again to this cost amount. *See* **doc. 67-1 at 1; (including $235 in taxes on the costs in the costs);  Doc. 67 at 17 n.11** (applying gross receipts tax to $3,025 in costs).  Plaintiff did not respond to Defendants' argument.

The Court will also award post-judgment interest on the attorney fee and cost award. *See Wheeler v. John Deere Co.*, 986 F.2d 413, 415 (10th Cir. 1993) (holding that 28 U.S.C. § 1961 mandates interest on award of attorney's fees and costs).

### III. Court will deny Defendant Inside's motion for sur-reply.

Defendant Inside requests leave to file a sur-reply. The filing of a surreply requires leave of the court. D.N.M.LR-Civ. 7.4(b). Surreplies are "disfavored," *see Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, No. 16-CV-0808 KG-SMV, 2020 WL 1033172, at *1 (D.N.M. Mar. 3, 2020), however, "the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *see also Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1163 (10th Cir. 1998). Material includes both new "evidence" and new "legal arguments." *Green*, 420 F.3d at 1196.

"A reply which merely responds to matters placed in issue by the response, and does not spring upon the opposing party new reasons" to grant the motion in question is entirely proper. *See, e.g.*, *Carter v. Spirit AeroSystems, Inc.*, No. 16-01350-EFM, 2019 WL 3732684, at *12 (D. Kan. Aug. 8, 2019) (internal quotations and alterations omitted). So, a reply "may properly highlight the deficiencies" in a response "without opening the door to additional pleadings." *Id.*

Here, Defendants' response asserted that Plaintiff's attorney fees should be cut in part because the hours spent were allegedly unreasonable. Defendants asserted that certain discovery or motions were unnecessary or that litigation was unreasonably prolonged by Plaintiff's actions. Plaintiff replied to Defendants' response and explained why the time spent was reasonable. Plaintiff's reply appears to respond to matters placed in issue by Defendant's own briefing.

Because Plaintiff merely responded to Defendants' arguments and explained why the time billed in this case was reasonable, the Court finds that a sur-reply is unnecessary.

## CONCLUSION

For the reasons stated above, the Court will enter judgment in the amount of $65,111.50, as described below:

- $5,000 actual and statutory damages for Plaintiff;
- $53,280 in attorney's fees (177.6 hours x $300 hourly rate)
- $2,336 in costs; and
- $4,495.50 in New Mexico gross receipts tax on the attorney's fees.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Judgment Attorney's Fees and Expenses (**Doc. 67**) is **GRANTED in part and DENIED in part** as follows:

1. The Court **GRANTS** the motion for entry of judgment, but **DENIES** the full amount of attorney's fees and damages requested.

2. The Court awards Plaintiff $65,111.50, in total damages, fees and costs, as well as post-judgment interest; and

3. The Court will enter a separate judgment consistent with this opinion and the offer of judgment.

**IT IS FURTHER ORDERED** that Defendant Inside Response, LLC's Moton for Leave to File sur-reply (**Doc. 71**) is **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**